William and Elaine WOLFF,
Appellants,

v.

DIRECTOR OF REVENUE,
Respondent.

Gary C. and Marsha J.
WOLFF, Appellants,

v.

DIRECTOR OF REVENUE,
Respondent.

No. 72041.

Supreme Court of Missouri,
En Banc.

June 19, 1990.

Rehearing Denied July 31, 1990.

---

Douglas D. Hommert, Lawrence H. Weltman, Lori W. Jones, Bernard A. Barker, P.C., St. Louis, for appellants.

William L. Webster, Atty. Gen., Martin D. Kerckhoff, Asst. Atty. Gen., Jefferson City, for respondent.

BLACKMAR, Chief Justice.

Wolff Shoe Corporation is a Missouri corporation engaged primarily in the distribution of shoes made in foreign countries. Substantially all of its sales take place outside the state of Missouri. *Wolff Shoe Company v. Director of Revenue*, 762 S.W.2d 29 (Mo. banc 1988). In 1984 it elected to become an S corporation, as defined by § 1361(a)(1) of the Internal Revenue Code of 1954, and § 143.471, RSMo 1986.

The appellant taxpayers, all residents of Missouri, are the four principal shareholders of Wolff Shoe. For the years 1985 and 1986 they reported on their Missouri income tax returns only that portion of the undistributed income of the corporation which they determined to be "Missouri taxable income", computed by the use of the "single factor formula" of § 143.451.2(2). The taxpayers reported and paid tax on the full amount of the dividends received by them from the corporation. The director assessed deficiencies, contending that each taxpayer was obliged to report as individual income that part of the net income of the corporation which is proportionate to the taxpayer's shareholdings. The director implicitly concludes that the entire net income of an S corporation is attributable to the shareholders, whether distributed to them or not. The Administrative Hearing Commission sustained the director. We affirm.

One of the disadvantages of doing business in corporate form is the phenomenon of "double taxation." A corporation pays a tax on its net income. If any portion of net income is distributed to shareholders in the form of dividends, the taxpayers must pay individual income tax on the dividends. To provide some relief Congress authorized "S corporations." Missouri, in line with its policy of following the federal tax model, enacted § 143.471, reading as follows:

1. An S corporation, as defined by Section 1361(a)(1) of the Internal Revenue Code of 1954, shall not be subject to the taxes imposed by section 143.071.

2. A shareholder of an S corporation shall determine his S corporation modification and pro rata share, including its character, by applying subsections 1 and 2 of section 143.411.

3. A nonresident shareholder of an S corporation shall determine his Missouri nonresident adjusted gross income and his nonresident shareholder modification by applying subsections 1 and 3 of section 143.421. Items shall be determined to be from sources within this state under regulations of the director of revenue in a manner consistent with the division of income provisions of section 143.451, section 143.461, or section 32.200, RSMo (Multistate Tax Compact).

4. In applying sections 143.411 and 143.421 to a shareholder of an S corporation, substitute: (a) "S corporation" for

"partnership", (b) "shareholder" for "partner", and (c) "pro rata share" for "distributive share."

This statute adopts the partnership statutes as the model for taxing the shareholders of S corporations. Inasmuch as the taxpayers are all residents of Missouri, the governing statute is § 143.411. We borrow the taxpayers' helpful rephrasing of that statute making use of the substitutions directed by § 143.471.4, in the following language:

2. Each item of [S corporation's] income, gain, loss, or deduction shall have the same character for a [shareholder] under section 143.011 to 143.996 as it has for federal income taxes. Where an item is not characterized for federal income tax purposes, it shall have the same character for a [shareholder] as if realized directly from the source from which realized by the [S corporation] or incurred in the same manner as incurred by the [S corporation].

■ The S corporation, then, is treated as a partnership for income tax purposes. It is axiomatic that the net income of a partnership equates the net income of the partners, whether or not distributed to them as individuals, and 143.411 so provides. The S corporation, indeed, is colloquially known as an "incorporated partnership." It is Missouri's policy to tax the entire income of individuals who reside in Missouri, subject to credit for income tax paid to other states. This policy is constitutionally permissible. *Lawrence v. State Tax Commission of Miss.*, 286 U.S. 276, 52 S.Ct. 556, 76 L.Ed. 1102 (1932).

■ Missouri's policy on taxing Missouri corporations is different. It taxes only income allowable to Missouri, even though the constitution might permit the state to tax the entire income. One reason, undoubtedly, is that corporations would not opt for Missouri incorporation if a state with a less aggressive tax policy was available. But the double taxation feature remains to the extent that dividends are paid, and Missouri residents are fully taxed on dividends received. Section 143.111, RSMo 1986; 26 I.R.C. § 61(a)(7) (1986).

■ These taxpayers want to retain some of the benefits of incorporation by reporting only a portion of the corporation's net income as their individual income. They seek to use an allocation factor to reduce the income figure on account of sales totally or partially outside the state. The appointment factor of § 143.451, however, is available only to corporate taxpayers, in corporate returns. By the express language of 143.471.1, the S corporation is not a taxpayer. The appellant taxpayers simply read 143.451 as though 143.471 did not exist.

Section 143.471.3 provides an apportionment formula for nonresident shareholders in an S corporation, by reference to 143.-421, which provides for apportionment of partnership income for nonresident partners. It follows that there is to be no apportionment of income of resident S shareholders, just as there is no apportionment of income of resident partners.

The taxpayers argue that they have not had the benefit of the undistributed income, and point out that they will pay income tax when distribution is made or when they sell their shares. But the partnership analogy still holds. For one thing, there is no assurance that the taxpayers will be Missouri residents when they realize their profits. The burden of taxation on unrealized gains is implicit in the S model, and must be weighed along with the possible benefits.

■ The taxpayers present seriatim constitutional arguments, asserting commerce clause, due process, and equal protection violations. The short answer to all of these assertions is that the corporation has voluntarily elected to assume S corporation status. It could have elected to be taxed as other corporations are, but it made use of a choice expressly authorized by statute. It cannot have the benefits of the S election without the burdens.

Our holding is consistent with *Hirsch v. Director of Revenue*, 646 S.W.2d 59 (Mo. banc 1983), which is the only Missouri case construing our subchapter S statute. There we held that shareholders did not

have to pay Missouri income tax on that portion of a S corporation's income which came from interest on United States obligations. This holding demonstrates that the S corporation is simply a conduit of income to the shareholders.

The decision is affirmed.

All concur.