**SCOTT ELECTRIC COMPANY,**
**Petitioner,**

v.

**COMMONWEALTH of Pennsylvania,**
**Respondent.**

Commonwealth Court of Pennsylvania.

Argued March 11, 1997.

Decided April 4, 1997.

---

C. Andrew McGhee, Pittsburgh, for petitioner.

Kevin A. Moury, Senior Deputy Attorney General, Harrisburg, for respondent.

Before COLINS, President Judge, KELLEY, J., and JIULIANTE, Senior Judge.

JIULIANTE, Senior Judge.

Scott Electric Company (Scott) petitions for review of the February 23, 1993 order of the Pennsylvania Board of Finance and Revenue (Board), which denied Scott a refund request for taxes paid on the value of its capital stock. The issue before us is whether an S corporation may assume the tax liability of its shareholders and then deduct that as an expense in calculating its annual net income for capital stock purposes. We conclude that it may not and, therefore, affirm.

Scott Electric is a Pennsylvania corporation with a fiscal year beginning September 1 and ending August 31 of the following calendar year. On November 12, 1986, Scott's Board of Directors, in agreement with Scott Electric and its shareholder, resolved to elect S Corporation status with the Internal Revenue Service (IRS) and the Commonwealth Department of Revenue (Department). In return for the shareholder's and Scott's consent, the Board of Directors agreed to assume the shareholder's federal and state tax liability on S Corporation profits. These elections were accepted by the IRS and the Department beginning with the 1986 tax year.

On February 4, 1988, Scott's outside accounting firm issued Scott's non-tax financial statements for 1986. This report showed an income tax expense of $1,355,000.00 and net earnings after taxes of $1,545,917.00. The income tax expense of $1,355,000.00 was the expected liability for income tax of the shareholder, which the corporation agreed to assume by the November 12, 1986 agreement. Scott paid the income tax liabilities on its non-tax financial statements for 1986 directly to the IRS and the Commonwealth.

On May 10, 1988, Scott filed its Pennsylvania corporate tax report for 1986. Scott reported book income as $1,545,917.00, which resulted in an average net income of $646,149.00, a capital stock value of $5,830,863.00, and a capital stock tax of $57,809.00. In settling the stock tax segment of the return, the Department determined book income for 1986 was $2,791,072.00. Therefore, the average net income rose to $905,108.00, the capital stock rose to $7,141,553.00, and the capital stock tax rose to $70,916.00. The settlement sheet indicated that the deduction of $1,355,000.00 in taxes assumed by Scott was disallowed.

Scott paid the 1986 settled capital stock tax liability of $70,916.00 and filed a petition for a refund with the Board. By its decision of February 23, 1993, the Board denied the refund request.[1] This appeal followed.

---

1. The facts as stated are found in the Stipulation of Facts entered into by the parties, with the exception of four additional stipulations. The remaining stipulations state that 1) the income tax expense provided for on the books for year ending August 31, 1987 is an accounting calculation, 2) Scott's financial advisor would testify to such, 3) generally accepted accounting principles may be used to compute book income/income per books, as long as those principles do not

■ The issue raised on appeal is whether Scott Electric calculated income per books for 1986 according to general accepted accounting principles (GAAP), and if so, whether the Tax Reform Code of 1971 (Tax Reform Code)[2] or Department of Revenue regulations prohibit the deduction of an expense which is authorized by GAAP. On appeal, this Court is entitled to the broadest scope of review when considering the propriety of an order of the Board of Finance and Revenue. Although the Court hears these cases under its appellate jurisdiction, the Court functions essentially as a trial court. *Norwin School District v. Cortazzo,* 155 Pa. Cmwlth. 432, 625 A.2d 183 (1993).

Under Pennsylvania tax law, domestic corporations are required to pay tax on the value of their capital stock. It is a tax on the assets of the corporation, not a tax on the income of the corporation. *Commonwealth v. Philadelphia Market Street Subway–Elevated Railway Co.,* 408 Pa. 357, 184 A.2d 483 (1962); 72 P.S. § 7601, *et seq.* Section 601(a) of the Tax Reform Code sets forth the method of determining the capital stock value. The formula for calculating capital stock value refers to the use of "average net income" which is defined as the "net income or loss for a corporation's current and preceding four years." 72 P.S. § 7601(a). Net income refers to "the amount set forth as income per books on the income tax return filed by the entity with the Federal government." 72 P.S. § 7601(a). The term "income per books" is not defined by the statute.

Regulation 61 Pa.Code § 155.26(g) addresses calculation of average net income and corporations electing S corporation treatment. Section 155.26(g) states:

> No adjustment to net income or loss may be made for Federal income tax which would have been paid by a corporation electing S Corporation treatment under Section 1361 of the IRC (26 U.S.C.A. § 1361) or for Commonwealth Corporate Net Income Tax which would have been

paid by a corporation electing Pennsylvania S corporation treatment under article 3 of the TRC (72 P.S. §§ 7301–7361), or for Commonwealth personal income tax paid by the shareholders of the corporation. 61 Pa.Code § 155.26(g).

■ Scott contends that in arriving at its "income per books" it should be allowed to deduct the amount of taxes it paid on behalf of the shareholder pursuant to the November 12, 1996 agreement. Scott argues such a deduction is allowable under GAAP and does not conflict with any provisions of the Tax Reform Code or Department regulations. Conversely, the Board held that the adjustment to book income was specifically prohibited by 61 Pa.Code § 155.26(g). We find that although the deduction sought may be an accepted accounting principle, it is specifically prohibited by 61 Pa.Code § 155.26(g).

We agree with Scott that the first two provisions of section 155.26(g) apply to hypothetical taxes which would be assessed against a corporation had the corporation not elected S Corporation status. We disagree, however, with Scott's argument that section 155.26(g) is inapplicable because the tax in question was actually paid and was not hypothetical.

Whether or not the tax was actually paid is of no concern because the tax assessed was not against the corporation, but rather, was assessed against the shareholder. Section 155.26(g) specifically refers to taxes which would have been assessed against the *corporation* had it not elected S Corporation status. 61 Pa.Code § 155.26(g). In *Tool Sales and Service Co., Inc., v. Commonwealth,* 149 Pa.Cmwlth. 389, 613 A.2d 143 (1992), *aff'd,* 536 Pa. 10, 637 A.2d 607 (1993) (*Tool Sales I*), we held that "net income per books" as used in calculating tax liability on capital stock value for S corporations did not permit a corporation to deduct hypothetical federal income tax liability. *Id.* The deductions under scrutiny all referred to tax assessments which would have been made against

conflict with the applicable provisions of the Tax Reform Code of 1971 or the applicable departmental regulations, and 4) general accounting principles are silent on the deduction of a hypothetical federal income tax in the calculation of

book income/net income per books of an S Corporation.

**2.** Act of March 4, 1971, P.L. 6, *as amended,* 72 P.S. §§ 7101–10004.

**292**

the corporation. *Id.* Thus, Scott's reliance on actual payment is misplaced in that regard.

We find the third provision of section 155.26(g) to be controlling. Section 155.26(g) does not allow adjustments to income for Commonwealth personal income tax paid by the shareholders of the corporations. 61 Pa. Code § 155.26(g). There is no dispute that the November 12, 1986 agreement between Scott and its shareholder has no legally binding effect on either the IRS or the Department of Revenue. The shareholder remains liable to both entities for payment of any taxes due. 26 U.S.C. § 1366; 72 P.S. § 7307.9. To allow an S corporation to assume the tax liability of its shareholders and then deduct that expense in its calculation of average net income for capital stock value purposes would allow the corporation to indirectly accomplish what is specifically prohibited by the regulations. Such a result would be contrary to the legislative intent behind the regulations. *See Tool Sales and Service Co. Inc., v. Commonwealth, Board of Finance and Revenue,* 536 Pa. 10, 637 A.2d 607 (1993) (*Tool Sales II* ).

In *Tool Sales II,* the Supreme Court noted the general principle that administrative law agencies are entitled to deference in interpreting the statutes they enforce. Where the statutory scheme is technically complex, such as the Tax Reform Code and its regulations, a reviewing court must be able to put aside its discretion for the expertise of the administrative agency. *Id.* In addition, the regulations interpreting the Tax Reform Code will not be disregarded unless clearly inconsistent with the Code and the taxpayer has the heavy burden of establishing the regulations are clearly erroneous. *Id.* Accordingly, we defer to the Department's interpretation of 61 Pa.Code § 155.26(g) and hold Scott has failed to carry its burden.

Scott further avers that the actions of the Department in disallowing the deduction violated both the United States and Pennsylvania Constitutions. We disagree. In *Tool Sales I and II,* the taxpayer similarly challenged the constitutionality of section 155.26(g). This Court, which was affirmed by the Supreme Court, held section 155.26(g)

to be constitutional under both the United States and Pennsylvania Constitutions, inasmuch as S Corporations and C Corporations are not similarly situated taxpayers by virtue of the S election and the financial benefits for which S election is made. Scott is not similarly situated as a C Corporation by payment of the shareholder's taxes. In contrast to a C Corporation, Scott as an S Corporation is not a taxpayer against whom federal or state taxes are assessed.

Having found Scott has not been denied any rights under either the United States or Pennsylvania Constitutions, we need not address its request for counsel fees under 42 U.S.C. § 1983.

For the foregoing reasons, we affirm the Board's February 23, 1993 decision.

### ORDER

AND NOW, this 4th day of April, 1997, unless exceptions are filed within thirty (30) days of the date hereof, the Chief Clerk is directed to enter judgment in favor of the Commonwealth.