MIDWEST ACCEPTANCE
CORPORATION,
Appellant,

v.

DIRECTOR OF REVENUE,
Respondent.

No. SC 86932.

Supreme Court of Missouri,
En Banc.

Feb. 14, 2006.

Daniel J. Cook, Scott R. Riley, St. Louis, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., James R. Layton, State Solicitor, Jefferson City, for Respondent.

MARY R. RUSSELL, Judge.

Midwest Acceptance Corporation seeks review of the Administrative Hearing Commission's ("AHC") decision finding that it was not entitled to a credit for income taxes on its 2004 Missouri credit institution tax return. The AHC's decision is affirmed.

## I. Jurisdiction and Standard of Review

This Court has jurisdiction to review the AHC's decision pursuant to Mo. Const. art. V, section 3, as the case involves construction of the state revenue laws. This Court reviews the AHC's interpretation of revenue law *de novo*. *Six*

*Flags Theme Parks, Inc. v. Dir. of Revenue*, 102 S.W.3d 526, 527 (Mo. banc 2003). The AHC's factual determinations are upheld if supported by law and, after reviewing the whole record, there is substantial evidence to support them. *Id.*

■ Exemptions for taxation are strictly construed against the taxpayer and, as such, it is the burden of the taxpayer claiming the exemption to show that it fits the statutory language exactly. *Id.* at 528.

## II. Background

Midwest is a credit institution[1] as defined by section 148.130(2).[2] Section 148.140 imposes an annual tax on credit institutions according to their net income for the preceding calendar year. Under section 148.140.3, however, credit institutions are entitled to credits against the credit institution tax. Section 148.140.3 provides:

> Each taxpayer shall be entitled to credits against the tax imposed by sections 148.120 to 148.230 for all taxes paid to the state of Missouri or any political subdivision thereof during the relevant income period, other than taxes on real estate, contributions paid pursuant to

the unemployment compensation tax law of Missouri and taxes imposed by said sections.

Midwest has elected "S corporation"[3] status. 26 U.S.C. section 1362(a) (2000). Pursuant to section 143.471, Midwest, as an S corporation, is not subject to the Missouri income tax on corporations under section 143.071.[4] Midwest's shareholders, however, pay Missouri income tax on their share of Midwest's income.[5]

On its 2004 credit institutions tax return, Midwest claimed a section 148.140.3 credit for $77,800, the amount of Missouri corporate income tax it believed it would have paid were it a C corporation rather than an S corporation. The Director of Revenue audited Midwest's 2004 return and disallowed the credit. The Director assessed a deficiency of $54,486, plus interest.

Midwest timely protested the Director's decision and, after the Director denied relief, Midwest sought review from the AHC.

The AHC found that Midwest was not entitled to the section 148.140.3 credit because, as an S corporation, it did not pay Missouri corporate income tax. It further found that Midwest could not utilize the

---

**1.** Section 148.130(2) defines a "credit institution" as:

[E]very person, firm, partnership, or corporation engaged principally in the consumer credit or loan business in the making of loans of money, credit, goods, or things in action, or in the buying, selling, or discounting of, or investing in negotiable or nonnegotiable instruments given as security for or in payment of the purchase price of consumer goods .... but shall not include banks, trust companies, credit unions, insurance companies, mutual savings and loan associations, savings and loan associations, or real estate mortgage loan companies.

**2.** All further statutory references are to RSMo 2000, unless otherwise indicated.

**3.** 26 U.S.C. section 1361(a)(1) (2000) defines an "S corporation" as a small business corporation that makes an election under 26 U.S.C. section 1362(a) (2000).

**4.** This state income tax benefit for an S corporation mirrors the federal income tax benefit such a corporation receives. An S corporation is not subject to federal income tax, but its shareholders are taxed on their pro rata share of the S corporation's income. 26 U.S.C. sections 1363(a)-(b), 1366(a) (2000).

**5.** During the tax year at issue, Midwest had two shareholders, each with 50 percent interest in the corporation. Each shareholder filed a Missouri income tax return with their respective spouse, and the Director did not dispute those returns.

credit for the personal income taxes paid by its shareholders on their Midwest income. The AHC found that Midwest owed $49,899,[6] plus interest in credit institute tax for 2004. Midwest now seeks relief from this Court.

### III. Is Midwest entitled to an income tax credit?

■ Midwest argues that the AHC erred in denying it a credit for either the Missouri personal income tax paid by its shareholders on their Midwest income or the Missouri corporate income tax Midwest would have paid were it a C corporation.

The plain language of section 148.140.3 gives Midwest tax credits against the credit institution tax for "taxes paid." Midwest cannot claim such a credit for taxes it does not pay. Midwest does not pay Missouri personal income tax, its shareholders do. Midwest, as an S corporation, does not pay Missouri corporate income tax. Because Midwest does not pay Missouri income tax, it cannot claim Missouri income tax as a credit under section 148.140.3.

Midwest argues that disallowing it a credit for the Missouri income tax paid by its shareholders unfairly results in a double tax in that Midwest must pay the credit institution tax without benefit of the credit and its shareholders must pay Missouri personal income tax on their income from Midwest. Midwest also posits that it is unfair to tax credit institutions organized as S corporations differently than similarly situated banks or credit institutions that are organized as C corporations or sole proprietorships. These taxes are assessed to Midwest and its shareholders as required by statute. Midwest does not contend that the statutes themselves are unconstitutional, but alleges that they are unfair.

Midwest's claims of unfairness should be directed to the legislature. Midwest elected to be an S corporation under the statutes because it wanted the benefits of doing so. Midwest cannot now also argue it is entitled to the benefits available to other types of entities that it did not elect to be. When previously addressing an argument by S corporation shareholders who sought tax treatment similar to C corporations, this Court stated: "[T]he corporation has voluntarily elected to assume S corporation status. It could have elected to be taxed as other corporations are, but it made use of a choice expressly authorized by statute. It cannot have the benefits of the S election without the burdens." *Wolff v. Dir. of Revenue*, 791 S.W.2d 390, 392 (Mo. banc 1990). Such is the case here.

### IV. Conclusion

Midwest is not entitled to a section 148.140.3 credit for the Missouri personal income tax paid by its shareholders or by the amount of Missouri corporate income tax it would pay were it a C corporation. The AHC's decision is affirmed.

All concur.

■

---

**6.** This amount reflects the AHC's finding that Midwest was entitled to a section 148.140.3 credit for $4,932 St. Louis City earnings taxes it paid, but had failed to claim on its 2004 return, and reflects an adjustment to Midwest's federal taxable income.