Theodore J. and Sue L. DelGAIZO,
Petitioners

v.

COMMONWEALTH of Pennsylvania,
Respondent.

Frederick W. and Joan R.
Vosbury, Petitioners

v.

Commonwealth of Pennsylvania,
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 11, 2011.

Decided June 16, 2011.

Theodore J. DelGaizo, Downingtown, for petitioners.

Jo Ann P. Collins, Senior Deputy Attorney General, Harrisburg, for respondent.

BEFORE: LEADBETTER, President Judge, and McGINLEY, Judge, and PELLEGRINI, Judge, and SIMPSON, Judge, and LEAVITT, Judge, and BROBSON, Judge, and BUTLER, Judge.

OPINION BY Judge BROBSON.

Pursuant to Pa. R.A.P. 1571(i), Theodore J. and Sue L. DelGaizo (Mr. and Mrs. DelGaizo) and Frederick W. and Joan R. Vosbury (Mr. and Mrs. Vosbury), collectively referred to as "Taxpayers," have filed exceptions to this Court's November 18, 2010 decision in *DelGaizo v. Commonwealth*, 8 A.3d 429 (Pa.Cmwlth. 2010) (*DelGaizo I*). The dispute here focuses on whether Section 307.10(b) of the Tax Reform Code of 1971 (Code) [1] violates the

---

1. Act of March 4, 1971, P.L. 6, *as amended,*    added by the Act of December 23, 1983, P.L.

Uniformity Clause of the Pennsylvania Constitution[2] or the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.[3,4] For the reasons that follow, Taxpayers' exceptions are overruled.

In *DelGaizo I*, this Court considered consolidated petitions for review filed by Mr. and Mrs. DelGaizo and Mr. and Mrs. Vosbury concerning the assessment of Pennsylvania personal income tax for the 2004 tax year.[5] Taxpayers argued that "Section 307.10(b) of the Code unconstitutionally treats shareholders of Pennsylvania S-corporations differently than shareholders of Pennsylvania C-corporations by prohibiting carryover of losses by Pennsylvania S-corporations while permitting carryover of losses by Pennsylvania C-corporations." *DelGaizo I*, 8 A.3d at 432 (citing Section 401(3) of the Code, Act of March 4, 1971, P.L. 6, *as amended*, 72 P.S. § 7401(3) (regarding carryover of losses by Pennsylvania C-corporations)). Rely-

ing primarily on *Tool Sales and Service Co., Inc. v. Board of Finance and Revenue*, 536 Pa. 10, 637 A.2d 607 (1994), and *Scott Electric Company v. Commonwealth*, 692 A.2d 289 (Pa.Cmwlth.1997), *exceptions dismissed*, 704 A.2d 205 (Pa.Cmwlth.1998), this Court upheld the constitutionality of Section 307.10(b) of the Code and affirmed the Board's orders, determining that shareholders of Pennsylvania S-corporations are not similarly situated to shareholders of Pennsylvania C-corporations "due to the legitimate distinctions between Pennsylvania S-corporations and Pennsylvania C-corporations." *DelGaizo I*, 8 A.3d at 433. Taxpayers filed exceptions on December 10, 2010.

■ Taxpayers argue, *inter alia*, that this Court in *DelGaizo I* erred in determining that shareholders of Pennsylvania S-corporations are not similarly situated to shareholders of Pennsylvania C-corporations. Specifically, Taxpayers contend:

---

370, 72 P.S. § 7307.10(b). Section 307.10(b) of the Code provides: "There shall be no carryover of losses by the shareholders of the Pennsylvania S corporation."

2. PA. CONST. art. VIII, § 1. The Uniformity Clause of the Pennsylvania Constitution provides: "All taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws."

3. U.S. CONST. amend. XIV, § 1. The Equal Protection Clause of the United States Constitution provides: "No State shall ... deny to any person within its jurisdiction the equal protection of the laws."

4. In matters of taxation, "[t]he analysis to be applied in determining the reasonableness of classifications under the Uniformity Clause of the Pennsylvania Constitution and the Equal Protection Clause of the United States Constitution are the same." *Tool Sales & Serv. Co. v. Bd. of Fin. & Revenue*, 536 Pa. 10, 16, 637 A.2d 607, 610 (1993), *cert. denied sub nom. Tom Mistick & Sons, Inc. v. Pennsylvania*, 513

U.S. 822, 115 S.Ct. 85, 130 L.Ed.2d 37 (1994).

5. For the sake of brevity, the underlying facts, stipulated to by the parties and set forth in *DelGaizo I*, need not be restated here. It is sufficient to note that Mr. DelGaizo and Mr. Vosbury are shareholders of MLEA, Inc. (MLEA), a Pennsylvania S-corporation. For the 2004 tax year, Taxpayers attempted to offset the income attributable to their respective interests in MLEA by carrying-over unutilized MLEA losses allegedly incurred in 2002 and 2003. Taxpayers' attempt to carryover losses is expressly prohibited by Section 307.10(b) of the Code. As a result, the Pennsylvania Department of Revenue (Department) issued personal income tax assessments against Taxpayers. After being denied relief by the Board of Appeals, Taxpayers further appealed their respective assessments to the Board of Finance and Revenue (Board), which upheld the Department's assessments. Taxpayers then petitioned this Court for review.

[T]he Court incorrectly extended the legitimate distinctions between the corporations themselves with the taxing consequences to the shareholders.... [T]his case relies upon separating the legitimate distinctions in corporate taxation from the non-uniform treatment of the shareholders. Specifically, the legitimate distinctions in taxing the corporations cannot justify the fact that C-corporation shareholders never pay tax to the Commonwealth unless they actually receive cash payments while S-corporation shareholders can be forced to pay tax on non-existent, unavailable, and illusory profits.

(Taxpayers' Brief at 8.) [6]

We believe that this Court in *DelGaizo I* correctly determined that shareholders of Pennsylvania S-corporations are not similarly situated to shareholders of Pennsylvania C-corporations. Essentially, Taxpayers ask this Court to ignore the legitimate distinctions between Pennsylvania S-corporations and Pennsylvania C-corporations, and find that all shareholders, regardless of corporate form, are similarly situated for tax purposes. This we will not do, especially where, as here, the legitimate distinctions between Pennsylvania S-corporations and Pennsylvania C-corporations are directly related to the taxation of shareholders. As we explained in *DelGaizo I*, the income of Pennsylvania S-corporations is generally not subject to taxation at the corporate level at the Pennsylvania corporate income tax rate, as is the case with Pennsylvania C-corporations; instead, the income of Pennsylva-

nia S-corporations is "passed through" directly to shareholders, whose distributive interests in the Pennsylvania S-corporation are taxed at the Pennsylvania personal income tax rate. *DelGaizo I*, 8 A.3d at 433.

Accordingly, Taxpayers' exceptions to *DelGaizo I* are overruled.[7]

### *ORDER*

AND NOW, this 16th day of June, 2011, the exceptions filed by Theodore J. and Sue L. DelGaizo and Frederick W. and Joan R. Vosbury, collectively referred to as "Taxpayers," to this Court's opinion in *DelGaizo v. Commonwealth*, 8 A.3d 429 (Pa.Cmwlth. 2010) (*DelGaizo I*), are hereby OVERRULED. The orders of the Board of Finance and Revenue (Board) in the above-captioned matter, dated June 24, 2008, and December 16, 2008, are AFFIRMED.

---

6. Taxpayers do not cite to any legal authority in support of their position.

7. In their exceptions, Taxpayers also argue that (1) this Court erred in relying on *Wolff v. Director of Revenue*, 791 S.W.2d 390 (Mo. 1990); (2) the Commonwealth failed to demonstrate a legitimate state purpose for discrimination between shareholders; (3) the election of Pennsylvania S-corporation status

is not dispositive of the Constitutional issues; and (4) the reasoning in *Wolff* does not override federal precedent. Having determined that this Court in *DelGaizo I* did not err in determining that Pennsylvania S-corporations are not similarly situated to Pennsylvania C-corporations, we need not address Taxpayers' remaining arguments.