OPINION
PER CURIAM.
In a complaint dated May 9, 2008, William Cummings alleged that appellees forced him to sleep on a cold floor without a mattress for two nights beginning on May 3, 2008. Two days later, Cummings was allegedly hit with a night stick by Appellee Shreve. Cummings contended that after he asked for help with the resulting back pain, he was dragged to a strip search area and suffered further injury. Appellees filed a motion to dismiss, arguing that Cummings had failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). The District Court granted the motion to dismiss, and Cummings filed a timely notice of appeal.
Because Cummings is proceeding in for-ma pauperis on this appeal, we must analyze his appeal for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B), we must dismiss an appeal if the action (i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary damages from a defendant with immunity. An action or appeal can be frivolous for either legal or factual reasons. Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Section 1997e(a) provides that “[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.”
In an amended complaint, Cummings explained that he did not file a grievance because he was denied a pen and paper to write a grievance. However, as noted by *727 the District Court, his original complaint was dated May 8, 2008-within the fifteen days that he could file a grievance from the May 3rd and May 5th incidents. Thus, Cummings clearly had access to a pen and paper during that time.
In his response to the motion to dismiss, Cummings argued that he had previously tried to use the grievance process in the facility on several occasions to no avail. He explained that every grievance he had filed had been denied as frivolous, lacking merit, or filed in bad faith. However, as explained by the District Court, there is no futility exception to the exhaustion requirement. Nyhuis v. Reno, 204 F.3d 65 (3d Cir.2000).
Cummings also argued that he was denied the grievance process because he was on grievance restriction. According to the Pennsylvania Department of Corrections Grievance Policy DC-ADM 804 Part IV.L, an inmate on grievance restriction is restricted to filing no more than one grievance every 15 days. Thus, being on grievance restriction would not have prevented Cummings from exhausting his remedies. In his objections to the Magistrate Judge’s Report and Recommendation, Cummings claimed that he tried to file a grievance but that it was never returned to him. Cummings’s changing and contradictory allegations do not excuse his failure to exhaust his administrative remedies.
For the above reasons, we will dismiss the appeal as legally and factually irivolous. We further note that Cummings has now had three cases or appeals dismissed as frivolous or for failure to state a claim. See C.A Nos. 09-1664, 09-2157, and E.D. Pa. Civ. No. 08-cv-04220. Under 28 U.S.C. § 1915(g), a prisoner who has brought three cases or appeals that were dismissed as frivolous or for failure to state a claim may not proceed in forma pauperis unless he is under imminent danger of serious physical injury.