**George S. BUSSINGER, Appellant**

v.

**Shelly L. DYNE, and Michael D. Overmyer.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 21, 2013.

Decided Sept. 26, 2013.

---

George S. Bussinger, pro se.

Vincent R. Mazeski, Assistant Counsel, Mechanicsburg, for appellees.

BEFORE: COHN JUBELIRER, Judge, BROBSON, Judge, and COVEY, Judge.

OPINION BY Judge BROBSON.

Appellant George S. Bussinger (Bussinger) appeals from an order of the Court of Common Pleas of the 37th Judicial District (Forest County Branch) (trial court). The trial court sustained preliminary objections filed by Shelley L. Dyne (Dyne) and Michael D. Overmyer (Overmyer), who sought dismissal of Bussinger's civil rights complaint (Complaint). Dyne and Overmyer are both employed by the Department of Corrections (DOC) at the State Correctional Institution at Forest (SCI–Forest). The trial court dismissed the Complaint, concluding that Bussinger failed to exhaust administrative remedies. We reverse the order of the trial court.

Bussinger's Complaint is captioned as an action under 42 U.S.C. §§ 1983 and 1986. Dyne is a correctional officer at SCI–For-

est, and Overmyer is a Deputy Superintendent at SCI–Forest. Bussinger avers that he filed numerous grievances between May 2, 2012 and June 1, 2012,[1] and that he has initiated civil litigation in this Court and the United States District Court, in which he named DOC and many of its employees (including some at SCI–Forest) as defendants. Bussinger avers that staff at SCI–Forest is familiar with his litigation and the injunctive relief that he has obtained.

The crux of Bussinger's Complaint is that Dyne, in retaliation against Bussinger because of the civil litigation he has initiated against DOC and its employees, "initiated a campaign against" Bussinger to prevent or stop him from receiving his "legal mail."[2] Bussinger avers that, instead of giving him his legal mail on several specific dates,[3] Dyne "lied on an official document" by indicating on the document that Bussinger himself refused to accept the legal mail those days. (Complaint ¶¶ 9, 10, 12, and 13.) Bussinger also avers that on May 31, 2012, after he told Overmyer that Dyne had refused to give him his legal mail, Overmyer spoke to Unit Sergeant Barnes concerning Bussinger's claim. Bussinger avers that while he was observing Overmyer speaking to Barnes, "Dyne rushed over, said something to Overmyer in a hushed voice, after[ ]which Overmyer looked at [Bussinger], grinned, and left the unit." (Complaint ¶ 11.) Bussinger also avers that on June 1, 2012, he spoke to Lieutenant Heffernan regarding his legal mail and that Lieutenant Heffernan inquired of other SCI–Forest employees as to why Bussinger was not receiving his legal mail. Bussinger avers that Lieutenant Heffernan "was told that Defendant Dyne was following the orders of Defendant Overmyer." (Complaint ¶¶ 14–16.)

Dyne and Overmyer ("DOC Defendants") filed preliminary objections to the Complaint. In oral argument before the trial court, DOC Defendants argued that the Complaint constituted prison conditions litigation and that under Section 6602 of the Prison Litigation Reform Act, 42 Pa.C.S. § 6602, and 42 U.S.C. § 1997e, DOC Defendants were entitled to raise as an affirmative defense Bussinger's alleged failure to exhaust administrative remedies. DOC Defendants asserted that the DOC grievance process constituted such an available administrative remedy and that Bussinger failed to avail himself of the process before filing the Complaint.

In accordance with the averments in its preliminary objections, DOC Defendants argued that because Bussinger filed so many grievances, DOC placed him on "grievance restriction" from May 16, 2012 to August 14, 2012. Once DOC places an inmate on grievance restriction, the inmate is permitted to file only one grievance every fifteen (15) working days.[4,5] DOC Defendants averred, and Bussinger does not refute, that Bussinger filed a grievance on May 16, 2012. That grievance constituted the only one he was permitted to file during the first fifteen (15) day period of

---

1. According to paragraph 11 of the preliminary objections, Bussinger filed approximately nineteen (19) grievances during this period.

2. Bussinger does not describe what he means by this phrase, but we assume here that he is referring to mail relevant to his various legal proceedings, noted above.

3. The specific dates on which Bussinger claims Dyne refused to give him his legal mail are: May 21, 2012, May 30, 2012, May 31, 2012, and June 1, 2012. (Complaint ¶¶ 9, 10, 12, and 13.)

4. DC–ADM 804(C)(1).

5. A working day is Monday through Friday and does not include holidays. DC–ADM 804 Glossary.

his grievance restriction period, which meant that he could not file another grievance until June 7, 2012, which was the beginning of the next fifteen-day period (which would end on June 27, 2012). Bussinger could have filed a grievance regarding Dyne's alleged conduct during that second fifteen-day period.

Bussinger, in response to DOC Defendant's contention in their preliminary objections, averred that on June 4, 2012, he received information indicating that his inmate pay had been stopped. Bussinger averred that he used his one permitted grievance during the second restriction period (again, June 7, 2012 through June 27, 2012) to file a grievance regarding his pay issue instead of filing a grievance regarding his legal mail. Bussinger argued that because DOC regulations set a fifteen-day time limit for filing grievances, he would have lost the right to file a grievance regarding his alleged pay docking if he had not filed his grievance regarding his pay during the second fifteen-day restriction period. DC–ADM 804(A)(14). Relying upon this reasoning, Bussinger asserted that while the grievance process is an administrative remedy, under these circumstances it was not an *available* administrative remedy.

The trial court rejected Bussinger's reasoning, concluding that Bussinger acknowledged that he had an available administrative remedy but elected not to use that remedy. Instead, Bussinger used the single opportunity to file a grievance during the restriction period for an unrelated purpose.

■■■ On appeal to this Court,[6] Bussinger again asserts that the trial court erred in concluding that Bussinger had an available administrative remedy that he failed to exhaust.

Under Section 6602(e) of the Prison Litigation Reform Act (the Act), 42 Pa.C.S. § 6602(e), when an inmate files an action in a trial court in which he or she seeks to challenge the conditions of his or her confinement, the defendant may raise any available affirmative defense.[7] Section 6603 of the Act, 42 Pa.C.S. § 6603, provides DOC with the right as a defendant to raise any federal limitations or remedies relating to claims brought under federal law. 42 Pa.C.S. § 6603. One such federal limitation is found in 42 U.S.C. § 1997e, which precludes inmates from initiating an action in a trial court unless the inmate has exhausted all available administrative remedies.[8]

6. This Court's standard of review of a trial court's order sustaining preliminary objections to a complaint is limited to considering whether the trial court erred as a matter of law or committed an abuse of discretion. *Muncy Creek Twp. Citizens Comm. v. Shipman*, 132 Pa.Cmwlth. 543, 573 A.2d 662, 663 (1990). In considering whether a trial court properly sustained preliminary objections, this Court accepts as true all well-pled facts and all inferences reasonably deducible therefrom. *Cowell v. Com., Dep't of Transp.*, 883 A.2d 705, 707 n. 2 (Pa.Cmwlth.2005).

7. Section 6602(e) of the Act provides, in part:

(e) Dismissal of Litigation.—Notwithstanding any filing fee which has been paid, the court shall dismiss prison conditions litigation at any time, including prior to service on the defendant, if the court determines any of the following:

. . .

(2) The prison conditions litigation is frivolous or . . . fails to state a claim upon which relief may be granted or *the defendant is entitled to assert a valid affirmative defense, including immunity, which, if asserted, would preclude the relief.*

(Emphasis added.)

8. 42 U.S.C. § 1997e provides, in part:

(a) Applicability of administrative remedies
No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or

In construing Section 1997e, federal courts, in addition to recognizing the exhaustion requirement, have discussed limitations on the requirement. As DOC Defendants point out, in *Cummings v. Crumb*, 347 Fed.Appx. 725, 727 (3d Cir. 2009), the Court of Appeals, *per curiam*, held that grievance restriction alone does not prevent an inmate from exhausting his administrative remedy, because, as noted above, inmates are permitted to file one grievance per fifteen (15)–day period. In *Cummings*, however, the inmate, who was also on grievance restriction, did not have to choose which, among two distinct instances of allegedly improper conduct to grieve. The inmate in *Cummings* simply did not exercise his right to file a grievance concerning the action he sought to challenge in his court action.

■ Bussinger is correct in arguing that his case is distinguishable from *Cummings*, because Bussinger, who could file only one grievance during the second grievance restriction period, was forced to choose between his legal mail claim and his inmate pay claim. We cannot agree with DOC's reasoning that Bussinger had an available administrative remedy, because DOC's position forces inmates like Bussinger to choose which claim to pursue and which claim to abandon. DOC certainly has the right to impose grievance restrictions on inmates, but it cannot rely upon that policy to assert that an inmate has an administrative remedy when that remedy is actually foreclosed by the restriction.

DOC Defendants claim, however, that if Bussinger had filed his grievance during the fifteen-day restriction period between June 7, 2012 and June 27, 2012, he would still have been able to file a timely grievance regarding his pay issue. In this case,

other correctional facility until such administrative remedies as are available are

however, Bussinger averred that he learned of the pay docking issue on June 4, 2012. Under DOC's fifteen-day grievance submission rule, it appears that Bussinger would have had to file a grievance concerning that issue on or before June 25, 2012, which is a date before the end of the second restriction period. This would have led to two grievances within the same period, a result foreclosed by his restricted status.

DOC Defendants also argue that if DOC continued to engage in its allegedly improper mail practices, Bussinger could have waited until a later occurrence and then filed a grievance during the next or later fifteen-day grievance restriction period. (DOC's Brief at 13.) While such an approach perhaps would aid a claim that DOC's employees retaliated against him in such a later instance, it would not address Bussinger's claims regarding the instances of alleged retaliation for the dates at issue. Under these circumstances, we reject DOC Defendant's reasoning, and we conclude that the trial court erred in sustaining DOC Defendants' preliminary objection based upon Bussinger's alleged failure to exhaust an administrative remedy.

■ DOC Defendants argue in the alternative that we should affirm the trial court's order based upon DOC Defendants' demurrer, which the trial court did not address. We conclude that it is premature to address DOC Defendants' claim that Bussinger has failed to plead a cause of action for retaliation. An inmate claiming that prison employees have violated his or her constitutional rights by retaliating against the inmate for his or her exercise of a constitutional right, such as accessing the courts, must establish three elements:

exhausted.

(1) he or she was engaged in constitutionally protected activity; (2) the prison defendants took adverse action; and (3) the constitutionally protected activity in which the inmate was engaged was a substantial or motivating factor for the defendants' action. *Yount v. Dep't of Corr.*, 600 Pa. 418, 426, 966 A.2d 1115, 1120 (2009).

■ DOC Defendants concede for the purpose of argument that Bussinger has a constitutionally protected interest in filing grievances and lawsuits. DOC Defendants contend, however, that Bussinger has not pleaded facts (1) demonstrating that DOC Defendants took adverse action and (2) establishing a causal connection between Bussinger's exercise of his constitutional rights and the alleged adverse action.[9] DOC Defendants, however, assert factual matters that are not established by the pleadings in Bussinger's Complaint. Because we believe factual issues remain, we will not consider DOC Defendants' demurrer.

Accordingly, we reverse the trial court's order dismissing Bussinger's Complaint, and remand the matter to the trial court for further proceedings.[10]

## ORDER

AND NOW, this 26th day of September, 2013, the order of the Court of Common Pleas of the 37th Judicial District (Forest County Branch) (trial court) is REVERSED, and the matter is remanded to the trial court for further proceedings.

Jurisdiction relinquished.

---

9. The courts alternatively appear to equate this element with the need of an inmate to demonstrate that the inmate's constitutionally protected activity was a substantial motivating factor in the actor's decision to take the alleged adverse action. *Anderson v. Davila*, 125 F.3d 148, 161 (3d Cir.1997).

10. This holding is not an invitation for inmates to abuse the grievance system in order to file more litigation. Rather, this case merely recognizes that there may be instances where, due to the imposition of a grievance restriction, an inmate may be unable to avail himself of an administrative remedy. In those instances, where DOC has foreclosed the availability of an administrative remedy, DOC may not assert failure to exhaust administrative remedies as an affirmative defense. DOC still may assert, however, that a claim is frivolous or barred for other reasons. For instance, the inmate's claim could be barred by the "three strikes rule" of Section 6602(f) of the Act, which allows a court to dismiss an in forma pauperis prison conditions action where the inmate has filed three or more prior complaints that were dismissed as frivolous. *See* 42 Pa.C.S. § 6602(f); *Jae v. Good*, 946 A.2d 802, 807 (Pa.Cmwlth.), *appeal denied*, 598 Pa. 790, 959 A.2d 930 (2008), *cert. denied*, 555 U.S. 1156, 129 S.Ct. 1042, 173 L.Ed.2d 474 (2009).