IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Andr'e L. Younger,                          :
                              Appellant     :
                                            :
              v.                            :
                                            :
John Kerestes, Albion SCI, Maxine           :
Overton, Anthony Quindareio, Ms.            :
Phillips and Commonwealth of                :    No. 2253 C.D. 2014
Pennsylvania                                :    Submitted:  October 9, 2015


BEFORE:    HONORABLE DAN PELLEGRINI, President Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
PRESIDENT JUDGE PELLEGRINI                  FILED: October 28, 2015


          Andr'e L. Younger (Plaintiff) appeals *pro se* from an order of the
Court of Common Pleas of Erie County (trial court) granting the preliminary
objections filed by John Kerestes, Albion SCI, Maxine Overton, Anthony
Quindareio, Ms. Phillips and the Commonwealth of Pennsylvania (collectively,
Defendants) and dismissing his third-amended complaint with prejudice for failure
to state a cognizable negligence claim.  For the reasons that follow, we affirm the
trial court's order.

## I.

In December 2012, Plaintiff began the underlying action by filing a complaint alleging that he sustained injuries while in the Defendants' custody at the Albion State Correctional Institution and attaching exhibits B1–B54.[1] Plaintiff also filed a "motion for appointment of counsel" pursuant to 28 U.S.C. §1915(e)(1) which the trial court denied. Pursuant to Defendants' preliminary objections, Plaintiff sought and was granted leave to amend and subsequently filed an amended complaint attaching Exhibits B60–B74, followed by a praecipe to enter judgment by default when Defendants did not respond in a timely manner.

Defendants then filed a second set of preliminary objections which the trial court granted but provided Plaintiff leave to file a second-amended complaint. In January 2014, Plaintiff filed a second-amended complaint[2] which was likewise dismissed pursuant to Defendants' third set of preliminary objections, but again, with leave to amend. At this time, the trial court also denied Plaintiff's second motion for appointment of counsel.

In July 2014, Plaintiff filed his third-amended complaint which is the subject of the instant appeal. In the third-amended complaint, Plaintiff averred that he lodged a request with Officer Tobias that his top-bunk sleeping assignment be changed to a bottom-bunk assignment because his "Right Side/Body Oftenly [*sic*] goes Numb, While climbing the Housing Unit stairs, Which furthered His Pain"

---

[1] The trial court granted Plaintiff's motion for leave to proceed *in forma pauperis*.

[2] Attached were Exhibits B-3, B-12, B-13, B-48 and B-57.

and that he feared reinjuring himself after a prior 2011 injury he sustained to his right side and arm when he fell on a greasy floor at SCI Albion and then fell from a bunk bed the next day. (Third Am. Compl. ¶¶3, 4.) Plaintiff alleges that Officer Tobias refused to accommodate his request because he was "bottom bunk status only, not bottom tier," forcing him to file a grievance. (*Id.* ¶6.) Subsequently, he was "abruptly" moved from an upstairs cell to a downstairs cell, purportedly because he was "bottom bunk/bottom tier" status. (*Id.* ¶¶13, 14.) Plaintiff claims that as a result of these actions, his pre-existing injuries have worsened. He also alleges that because he has not authorized Defendants to withdraw monies from his prison account, he has been refused treatment and prescriptions and that SCI Mahanoy failed to properly train its employees.

Again, Defendants filed preliminary objections asserting that: Plaintiff failed to attribute any acts of negligence to Ms. Phillips, SCI Albion or Maxine Overton; the alleged acts all occurred at SCI Mahanoy in Schuylkill County rather than in Erie County; and that venue was improper in Erie County with regard to events alleged to have taken place in Schuylkill County. Following briefing, Plaintiff filed Exhibits B79–B85 consisting of the following documents: (1) Plaintiff's unsworn affidavit dated October 16, 2014, regarding an injury he sustained to his right rib cage area while working in SCI Mahanoy's main laundry area; (2) Plaintiff's unsworn affidavit dated October 17, 2014, regarding his medical follow up from the prior day; (3) his October 17, 2014, notification to the law library that he would be unable to attend his scheduled appointment due to his rib injury; (4) Plaintiff's unsworn affidavit dated October 24, 2014, regarding an additional follow up for his rib-cage injury; (5) a grievance Plaintiff filed dated

October 29, 2014, seeking an MRI with regard to his rib-cage injury; (6) medical lay-in reports indicating that Plaintiff was restricted from engaging in work, yard and activities for the period of October 17–31, 2014, due to his injury; and (7) Plaintiff's unsworn affidavit dated October 31, 2014, regarding a subsequent medical follow up.

The trial court sustained Defendants' preliminary objections with prejudice and directed Plaintiff to file a statement of errors complained-of on appeal by March 16, 2015. Although the same was dated March 13, 2015, and post-marked March 16, 2015, Plaintiff's statement of errors was not filed until March 26, 2015. Therein, Plaintiff challenged the trial court's "Refus[al] to acknowledge Plaintiff's Initial, And Nearly Four (4) Amended Complaint(s)" and Plaintiff's exhibits, refusal to appoint counsel to represent Plaintiff, and its abuse of discretion insofar as it "allow[ed] the defendant(s) to evade accountability for their **RECKLESSNESS & NEGLIGENCE,** Which caused Plaintiff Life Long Injury as Initially Stated." (Statement of Errors Complained of on Appeal Pursuant to Pa. R.A.P. 1925(b) ¶¶1, 4.)

In response, the trial court issued an opinion which, after noting that Plaintiff's concise statement of errors was untimely, proceeded to address the merits of the case. First, the trial court explained that it did not ignore Plaintiff's initial complaint but rather, granted Plaintiff's motion for leave to file an amended complaint and then considered each amended complaint in light of each set of corresponding preliminary objections. After reviewing the pertinent filings, the trial court issued responsive orders.

4

Similarly, with regard to Plaintiff's exhibits, the trial court noted that the filing of an amended complaint effectively eliminates prior complaints, thereby requiring the court to consider only the exhibits attached to the third-amended complaint, which in this case, were none. Regardless, the trial court stated that even when it considered the exhibits referenced by Plaintiff, his claims still failed.

To the extent Plaintiff challenged the actions of SCI Mahanoy staff, the trial court deemed the allegations inappropriate for the present appeal, which involves only SCI Albion as a named defendant. To that end, the trial court further found that Plaintiff failed to assert that any of the named Defendants acted in a manner constituting a breach of a duty causing Plaintiff's harm. Finally, the trial court explained that it lacks authority to appoint counsel to represent parties in civil actions. Raising the same issues as below, Plaintiff filed the instant appeal.[3]

## II.

## A.

First, we address the trial court's ruling that Plaintiff waived his right to pursue the instant appeal by filing an untimely statement of errors complained-of on appeal. As Defendants point out, the "prisoner mailbox rule" applies to the filings of *pro se*, incarcerated litigants. *See Kittrell v. Watson*, 88 A.3d 1091, 1096–97 (Pa. Cmwlth. 2014). Under this rule, a document is deemed filed "at the

---

[3] In reviewing a trial court's order sustaining preliminary objections to a complaint, we are limited to determining whether the trial court erred as a matter of law or committed an abuse of discretion. *Bussinger v. Dyne*, 76 A.3d 137, 140 n.6 (Pa. Cmwlth. 2013), *appeal denied*, 74 A.3d 1186 (Pa. 2014). In doing so, we must accept as true all well-pled facts and all inferences reasonably deducible therefrom. *Id.*

5

time it is given to prison officials or put in the prison mailbox." *Id.* Although Plaintiff has not provided information regarding when he provided the statement of errors complained-of on appeal to prison officials for mailing, it is post-marked March 16, 2015, indicating that, at the latest, he provided it that day. Because the statement was due on March 16th and is deemed filed under the prisoner mailbox rule on that day, Plaintiff did not waive his appeal, and we will proceed to address its merits.

### B.

With regard to Plaintiff's argument that the trial court refused to acknowledge the initial, first-amended, second-amended or third-amended complaint, we disagree. Indeed, each complaint was accepted for filing, with the latter three being filed after the trial court issued orders expressly granting Plaintiff leave to file an amended complaint. Moreover, the trial court reviewed and considered the merits of each amended complaint in adjudicating Defendants' preliminary objections and issued rulings in this respect. Simply because Plaintiff disagrees with the trial court's determination that the third-amended complaint does not state a factual basis for his negligence claim does not mean that the trial court ignored the pleading.

### C.

Similarly, Plaintiff's argument that the trial court refused to accept Plaintiff's accompanying exhibits, particularly Exhibit B-44, is without merit. First, it is the filing office and not the trial judge that either accepts or rejects a document for filing. *See* Pa. R.C.P. No. 205.2. Second, Exhibit B-44, to which

Plaintiff now directs our attention, was not attached as an exhibit to his third-amended complaint. While Plaintiff did incorporate by reference several other exhibits he previously filed, he did not incorporate Exhibit B-44. *See* Pa. R.C.P. No. 1019(g) ("Any part of a pleading may be incorporated by reference in another part of the same pleading or in another pleading in the same action…."). Because preliminary objections must be adjudicated based on the face of the complaint and any attachments thereto, and because Exhibit B-44 did not form the basis of Plaintiff's allegations in his third-amended complaint, the trial court did not err in holding that it should not be considered.[4] *Humphrey v. Department of Corrections*, 939 A.2d 987, 990 n.4 (Pa. Cmwlth. 2007), *aff'd in part and appeal denied in part*, 955 A.2d 348 (Pa. 2008).

Nonetheless, consideration of Exhibit B-44 does not mandate a different outcome. Indeed, Exhibit B-44, attached to the initial complaint, is a "Facility Manager's Appeal Response" from SCI Albion, which "serves to acknowledge receipt of [his] grievance appeal." (Compl., Ex. B-44.) This document notes that Plaintiff filed a grievance contending that he had to be

---

[4] We draw a distinction between Exhibit B-44 being outside the purview of adjudicating preliminary objections and being "outside of the record," as the trial court stated. (5/4/15 Trial Court Opinion, at 5.) While the trial court correctly noted that Exhibit B-44 should not be considered in determining if the third-amended complaint stated a cognizable claim for negligence, this Exhibit is not "outside the record" and could have been considered had it been incorporated. *See* Pa. R.C.P. No. 1019(g) ("A party may incorporate by reference any matter of record in any State or Federal court of record whose records are within the county in which the action is pending, or any matter which is recorded or transcribed verbatim in the office of the prothonotary, clerk of any court of record, recorder of deeds or register of wills of such county."). Indeed, contrary to the trial court's assertion, Exhibit B-44 is part of the certified record before this Court.

7

provided a bottom bunk and that Defendants' failure to provide him with one caused an unspecified injury. In response, the Facility Manager explained that the housing issue was addressed as soon as it was brought to the attention of an SCI Albion employee and explained, "[t]here is no indication from any information presented to the Facility Manager that [Plaintiff] made any attempt to notify any staff, medical or on the housing unit, that he was in a top bunk and needed moved due to his injury." (*Id.*)

These statements do not constitute an admission of liability but, in fact, disclaim liability on the basis that Defendants had no reason to be aware of Plaintiff's need for a bottom bunk and once made aware, accommodated him. Indeed, to state a cognizable claim in negligence, a plaintiff must satisfy the following elements:

> (1) a duty or obligation recognized by the law requiring the defendant to conform to a certain standard of conduct for the protection of others against unreasonable risks;
>
> (2) defendant's failure to conform to the standard required;
>
> (3) a causal connection between the conduct and the resulting injury; [and]
>
> (4) actual loss or damage resulting to the plaintiff.

*R.W. v. Manzek*, 888 A.2d 740, 746 (Pa. 2005). Because Exhibit B-44 does not aid Plaintiff in alleging that Defendants owed him a duty or breached that duty, the trial court did not err in this regard.

8

**D.**

Plaintiff next contends that the trial court erred in dismissing his third-amended complaint pursuant to Pennsylvania Rule of Civil Procedure No. 1019 because he complied with all applicable requirements.[5] However, as the trial court

[5] Pennsylvania Rule of Civil Procedure No. 1019 provides:

> (a) The material facts on which a cause of action or defense is based shall be stated in a concise and summary form.
>
> (b) Averments of fraud or mistake shall be averred with particularity. Malice, intent, knowledge, and other conditions of mind may be averred generally.
>
> (c) In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. A denial of such performance or occurrence shall be made specifically and with particularity.
>
> (d) In pleading an official document or official act, it is sufficient to identify it by reference and aver that the document was issued or the act done in compliance with law.
>
> (e) In pleading a judgment, order or decision of a domestic or foreign court, judicial or administrative tribunal, or board, commission or officer, it is sufficient to aver the judgment, order or decision without setting forth matter showing jurisdiction to render it.
>
> (f) Averments of time, place and items of special damage shall be specifically stated.
>
> (g) Any part of a pleading may be incorporated by reference in another part of the same pleading or in another pleading in the same action. A party may incorporate by reference any matter of record in any State or Federal court of record whose records are within the county in which the action is pending, or any matter which is recorded or transcribed verbatim in the office of the

**(Footnote continued on next page…)**

9

noted, Pennsylvania Rule of Civil Procedure No. 1019 was not the basis for its ruling and, in fact, is immaterial to whether Plaintiff stated a cognizable negligence claim. Therefore, we find this argument without merit.

### E.

To the extent Plaintiff argues that the trial court erred in refusing to appoint counsel to represent him in prosecuting his civil action, although "counsel has occasionally been appointed to represent an indigent prisoner having a meritorious civil rights claim" in federal court pursuant to 28 U.S.C. §1915(e),[6]

---

**(continued…)**

> prothonotary, clerk of any court of record, recorder of deeds or register of wills of such county.
>
> (h) When any claim or defense is based upon an agreement, the pleading shall state specifically if the agreement is oral or written.
>
> *Note:* If the agreement is in writing, it must be attached to the pleading. See subdivision (i) of this rule.
>
> (i) When any claim or defense is based upon a writing, the pleader shall attach a copy of the writing, or the material part thereof, but if the writing or copy is not accessible to the pleader, it is sufficient so to state, together with the reason, and to set forth the substance in writing.

Pa. R.C.P. No. 1019.

[6] Regarding *in forma pauperis* proceedings:

> (e)(1) The court may request an attorney to represent any person unable to afford counsel.

**(Footnote continued on next page…)**

10

this provision is not applicable to state courts, and "[t]here is no authority in this Commonwealth for the appointment of counsel to represent parties in civil actions." *Johnson v. Desmond*, 658 A.2d 375, 376 (Pa. Super.), *appeal denied*, 672 A.2d 308 (Pa. 1995); *see also Department of Transportation, Bureau of Driver Licensing v. Ingram*, 648 A.2d 285, 287 (Pa. 1994) (noting that the right to counsel generally does not apply in civil proceedings).

## F.

Finally, we turn to the substance of Plaintiff's third-amended complaint. The pleading avers incidents which purportedly occurred at SCI Mahanoy, a different facility than the one named as a Defendant. Moreover, the third-amended complaint does not so much as mention any of the individually-

---

**(continued…)**

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. §1915(e).

11

named Defendants, but rather, assigns negligence to other individuals who have not been named as parties.[7] Because Plaintiff failed to assert that John Kerestes, Maxine Overton, Anthony Quindareio, Ms. Phillips, Albion SCI or the

---

[7] The third-amended complaint does allege that John Kerestes failed to train his employees at SCI Mahanoy and that he engaged in reckless conduct with regard to Plaintiff at the facility. However, even assuming *arguendo* that this legal conclusion, unsupported by any factual averments, is true, this claim must proceed in the Court of Common Pleas of Schuylkill County, where proper venue lies. To this end, Section 8523(a) of the Judicial Code states:

> Actions for claims against a Commonwealth party may be brought in and only in a county in which the principal or local office of the Commonwealth party is located or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose. If venue is obtained in the Twelfth Judicial District (Dauphin County) solely because the principal office of the Commonwealth party is located within it, any judge of the Court of Common Pleas of Dauphin County shall have the power to transfer the action to any appropriate county where venue would otherwise lie.

42 Pa. C.S. §8523(a). Similarly, insofar as tort claims litigation against the Commonwealth is concerned:

> (a) Venue in actions for claims against a Commonwealth party as defined in 42 Pa. C.S. §8501 (relating to definitions) shall be in the county in which one of the following exists:
>
> (1) The cause of action arose.
>
> (2) A transaction or occurrence took place out of which the cause of action arose.
>
> (3) The principal office of the Commonwealth party is located.
>
> (4) The local office of the Commonwealth party is located.

37 Pa. Code §111.4(a).

12

Commonwealth of Pennsylvania acted in a manner constituting a breach of duty that caused Plaintiff's harm, the trial court did not err in dismissing the claim.

Accordingly, we affirm the trial court's order dismissing Plaintiff's third-amended complaint with prejudice.

_____
DAN PELLEGRINI, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Andr'e L. Younger,                         :
                              Appellant    :
                                           :
              v.                           :
                                           :
John Kerestes, Albion SCI, Maxine          :
Overton, Anthony Quindareio, Ms.           :
Phillips and Commonwealth of               :
Pennsylvania                               :   No. 2253 C.D. 2014


# **O R D E R**


AND NOW, this 28<u>th</u> day of  <u>October</u>, 2015, the order of the Court of

Common Pleas of Erie County in the above-captioned matter is affirmed.


_____

DAN PELLEGRINI, President Judge