IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jermaine Terrell Miller,          :
          Appellant       :
                                :
          v.             : No. 1268 C.D. 2015
                                : Submitted: May 6, 2016
Pennsylvania Board of Probation  :
and Parole, Siena House C.C.C.   :


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI              FILED: May 24, 2016


Jermaine Terrell Miller (Plaintiff) appeals *pro se* from an order of the Court of Common Pleas of Dauphin County (trial court) sustaining the preliminary objections filed by the Pennsylvania Board of Probation and Parole (Board) and dismissing Plaintiff's complaint with prejudice for failure to state a factually sufficient claim. For the reasons that follow, we affirm.


**I.**

Plaintiff is an inmate currently incarcerated at the State Correctional Institution at Huntingdon. In December 2014, Plaintiff began the underlying

action by filing a complaint alleging that the Board and Siena House C.C.C.[1] (collectively, Defendants) committed "the criminal deed of malicious prosecution"[2] and in their "willful performance of negligence" in committing the aforementioned, the "Defendant(s) did knowingly brake [sic] State Criminal Law [sic]." (Supplemental Reproduced Record at 4.) Plaintiff did not provide any other information as to his allegations.[3]

Subsequently, in February 2015, the Board filed preliminary objections, averring, *inter alia*, that the complaint: 1) failed to conform to a rule of court[4] because Plaintiff's complaint did not include a notice to defend or a notice concerning mediation in both English and Spanish as specified by Pa. R.C.P. No.

---

[1] Siena House C.C.C. was precluded from filing a brief in this matter for failure to comply with this Court's order directing it to file a brief.

[2] We note that in its 1925(a) Opinion, the trial court stated that Plaintiff alleged that the Defendants committed "the criminal deed of **Intentional Tort**." However, upon review, we find that he alleged "malicious prosecution," not "intentional tort."

[3] Along with his complaint, Plaintiff also filed a petition to proceed *in forma pauperis* and a verified financial statement. The trial court declined to entertain Plaintiff's petition because Plaintiff failed to comply with Pa. R.C.P. No. 240(h), and ordered Plaintiff to file an amendment within ten days and directed the Prothonotary to enter a judgment *non pros* if Plaintiff failed to do so. Exactly ten business days later, the Prothonotary entered a judgment of *non pros* against Plaintiff for failure to pay the required filing fee. The next day, Plaintiff filed another petition to proceed *in forma pauperis*. Plaintiff then served Defendants via First Class U.S. mail with information regarding his lawsuit, including a "Notice of Court Proceedings"; a copy of Plaintiff's original motion to proceed *in forma pauperis* and verified financial statement; and a copy of the complaint. Thereafter, the trial court vacated the judgment of *non pros* and granted Plaintiff leave to proceed *in forma pauperis*.

[4] Pa. R.C.P. No. 1028(a)(2) permits the filing of preliminary objections based on the "failure of a pleading to conform to law or rule of court…."

1018.1(a), or a verification as required by Pa. R.C.P. No. 1024; 2) lacked factual specificity[5] because the entire complaint consists of four paragraphs which raise a single claim for malicious prosecution but is otherwise devoid of any facts to support the claim; 3) was improperly served[6] because it was sent by mail and not served by the sheriff pursuant to Pa. R.C.P. No. 400(a); and 4) was legally insufficient[7] because Plaintiff failed to assert any facts to establish the claim of malicious prosecution.[8]

Plaintiff was notified of the Board's preliminary objections and instructed to file a written response within 20 days or else a judgment may be entered against him. In May 2015, Plaintiff requested a one week extension of time to respond to the preliminary objections due to his lack of access to envelopes as an indigent inmate. Plaintiff did not file a response until June 2015 and, as a result, the trial court did not consider his response in ruling on the preliminary objections.[9] Finding that "there are no facts upon which to base a claim," the trial

---

[5] Pa. R.C.P. No. 1028(a)(3) allows the filing of preliminary objections based on insufficient specificity in a pleading.

[6] Pa. R.C.P. No. 1028(a)(1) states that preliminary objections may be filed for improper form or service of a complaint.

[7] Pa. R.C.P. No. 1028(a)(4) allows the filing of preliminary objections if the pleading is legally insufficient.

[8] The Board added in its preliminary objections that even if Plaintiff had properly pled a malicious prosecution claim against the Board, such a claim would be barred as a matter of law under the doctrine of sovereign immunity because a Commonwealth party is immune from suit for intentional torts, such as malicious prosecution. *See* 1 Pa. C.S. §2310; 42 Pa. C.S. §8522(b).

[9] In his late response to the preliminary objections, Plaintiff alleges that while at Siena House C.C.C., he was never seen by a psychologist to prescribe medication. He also alleges that **(Footnote continued on next page…)**

3

court dismissed Plaintiff's complaint with prejudice. (Supplemental Reproduced Record at 2.) By order, the trial court sustained the Board's preliminary objections and directed that the action be dismissed against the Board. Subsequently, it ordered Plaintiff to file a notice of errors complained of on appeal pursuant to Pa. R. A. P. 1925(b)(1). In that statement, Plaintiff only complained that he is in jail, had limited access to legal resources and is entitled to liberal construction of the pleadings.[10] Plaintiff filed the instant appeal.[11]

## II.

On appeal, Plaintiff essentially argues that the trial court erred because it failed to allow him the opportunity to amend his complaint even before preliminary objections were filed so that he could correct the insufficiencies.

A trial court should not sustain preliminary objections solely on the ground that the preliminary objections are uncontested or unopposed. *Joloza v. Department of Transportation*, 958 A.2d 1152, 1155 (Pa. Cmwlth. 2008). Rather,

---

**(continued…)**

his parole was revoked because he purportedly violated the conditions of parole by refusing to take medicine prescribed for him.

[10] That statement does not include an "error complained of" that Plaintiff should have been allowed to amend his complaint to make specific factual pleadings.

[11] In reviewing a trial court's order sustaining preliminary objections to a complaint, we are limited to determining whether the trial court erred as a matter of law or committed an abuse of discretion. *Bussinger v. Dyne*, 76 A.3d 137, 140 n.6 (Pa. Cmwlth. 2013), *appeal denied*, 74 A.3d 1186 (Pa. 2014). In doing so, we must accept as true all well-pled facts and all inferences reasonably deducible therefrom. *Id.*

before granting preliminary objections, the trial court must consider the sufficiency of the cause of action alleged in a complaint. *Id.* "Failure of the trial court to consider the sufficiency of the complaint before sustaining preliminary objections and dismissing the case without leave to amend, is an abuse of discretion." *Id.* As such, where a trial court sustains preliminary objections based solely on the failure of a party to timely respond to the preliminary objections without considering whether the complaint sufficiently pled a cause of action, is an abuse of the trial court's discretion. *Id.*

In its opinion following the filing of this statement, the trial court explained that, although it chose not to consider Plaintiff's response to the Board's preliminary objections because it was filed untimely, it did review Plaintiff's complaint to determine its sufficiency. Based on its review, the trial court reasoned that given the lack of facts provided in the complaint, Plaintiff failed to provide the trial court or the Defendants "with any guidance as to the acts of which he is complaining [and] [t]here can be no recovery for a vague assertion of committing an intentional tort and breaking state law without allegations of facts to support those assertions." (Supplemental Reproduced Record at 2). Our review of Plaintiff's complaint leads us to the same conclusion.

Accordingly, we affirm the trial court's order dismissing Plaintiff's complaint.

_____
DAN PELLEGRINI, Senior Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jermaine Terrell Miller, : 
          Appellant : 
           : 
         v. : No. 1268 C.D. 2015
           : 
Pennsylvania Board of Probation : 
and Parole, Siena House C.C.C. : 

# **O R D E R**

AND NOW, this 24th day of May, 2016, the order of the Court of Common Pleas of Dauphin County in the above-captioned matter is affirmed.

_____
DAN PELLEGRINI, Senior Judge