# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas Washam,                         :
           Appellant              :
                      :
           v.                     :    No. 684 C.D. 2024
                      :
William Kattner                        :    Submitted: February 4, 2025


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
                HONORABLE STACY WALLACE, Judge (P.)
                HONORABLE MATTHEW S. WOLF, Judge


## <u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION BY
JUDGE WOLF                                 FILED:  April 8, 2025


        Thomas Washam appeals from the November 1, 2023 decision of the Court of Common Pleas of Luzerne County (trial court) that dismissed, with prejudice, his civil rights complaint against William Kattner. The complaint sought damages and injunctive relief against Kattner, an employee of the Department of Corrections (DOC), for alleged violations of Washam's constitutional and other rights. The trial court sustained Kattner's preliminary objections. We find that Washam has failed to present any issues on appeal or identify any way in which he seeks to challenge the trial court's decision, and thus we must dismiss the appeal for waiver of all issues.

        Washam filed a complaint against Kattner and DOC in the trial court on July 3, 2023. Washam is an inmate at the State Correctional Institution at Dallas (SCI-Dallas) and Kattner is a DOC employee and librarian at SCI-Dallas. The complaint seeks relief against Kattner for violating Washam's rights under the

United States and Pennsylvania constitutions and under the Universal Declaration of Human Rights (Declaration).[1] Although the causes of action set forth in the complaint are not entirely clear, they appear to include claims under 42 U.S.C. § 1983 that Kattner violated Washam's constitutional rights under color of state law.

According to the complaint, on May 21, 2021, Kattner denied Washam's request for access to a notary to notarize a "trust deed," in contravention of DOC policy. Original Record (O.R.), Item No. 1 (Complaint) at 5. Washam filed two administrative grievances against Kattner. Washam alleges that Kattner retaliated against him, including by seizing Washam's confidential legal papers as contraband and effectively denying him access to the courts. Washam also claims that Kattner filed a false misconduct report accusing Washam of calling Kattner a "chump," of which Washam was ultimately found guilty and punished administratively with loss of his prison job and a 30-day cell restriction. *Id.* at 7, 9. The complaint seeks damages of $22,500 and injunctive relief prohibiting Kattner from copying or reading Washam's legal materials. *Id.* at 9. Washam asked to proceed in forma pauperis, which request the trial court granted.

Kattner filed preliminary objections to the complaint, including six demurrers, as follows: (1) the complaint is barred by Section 6602(f) of the Prison Litigation Reform Act (PLRA), 42 Pa.C.S. § 6602(f), because courts have previously dismissed at least three prison conditions suits filed by Washam, including one action against Kattner that was dismissed as having been brought in bad faith; (2) Kattner, as a DOC employee acting in his official capacity, enjoys sovereign immunity, even for intentional acts; (3) failure to state a claim under the Declaration, which does not create a private right of action; (4) res judicata and

---

[1] G.A. Res. 217A (III), U.N. Doc. A/810 (1948).

collateral estoppel preclude Washam's access-to-courts claims, which were the subject of a prior action in federal court that was dismissed; (5) failure to state a claim for denial of access to the courts; and (6) failure to state a claim for retaliation. Kattner also objected that the complaint failed to meet the formal requirements of Pa.R.Civ.P. 1020(a) and 1022, regarding division of the complaint into separate counts and paragraphs.

In its November 1, 2023 order, the trial court sustained the preliminary objections and dismissed the complaint with prejudice. In its Pa.R.A.P. 1925(a) opinion, the trial court noted several instances where Washam's prior prison conditions litigation had been dismissed by federal courts, one of which involved Washam's claims against Kattner for some of the same conduct as alleged here.[2] Washam appealed and the Superior Court transferred the matter to this Court. By June 10, 2024 order, this Court directed the parties to address the timeliness of Washam's appeal in their briefs or by appropriate motion.[3]

---

[2] *See Washam v. Kattner*, No. 1:21-CV-1391, 2021 WL 4948163, (M.D. Pa. Oct. 25, 2021) (adopting Magistrate Judge's recommendation to dismiss Washam's complaint as unintelligible without leave to amend), *aff'd sub nom. Washam v. Superintendent Dallas SCI*, No. 21-3073, 2022 WL 1402054 (3d Cir. May 4, 2022) (per curiam); *see also Washam v. Stesis*, 321 Fed. App'x 104, 2009 WL 962685 (3d Cir. 2009) (affirming dismissal for failure to state a claim); *Washam v. Stengel*, No. 1:13–cv–2643, 2013 WL 6328276 (M.D. Pa. Dec. 5, 2013) (dismissal for failure to state a claim); *Washam v. Proud*, No. CIV.A. 13-0606, 2013 WL 2626997 (E.D. Pa. June 11, 2013) (dismissal on immunity);*Washam v. Mahally*, No. 1:15-CV-2397, 2016 WL 235025, at *1 (M.D. Pa. Jan. 20, 2016) (dismissal as frivolous).

[3] As Kattner concedes, Washam's appeal is timely because he benefits from the prisoner mailbox rule. The copy of Washam's Notice of Appeal served on the Office of Attorney General is postmarked December 1, 2023, so the appeal is deemed filed within the 30-day appeal period from the trial court's November 1, 2023 decision. *See* Pa.R.A.P. 121(f); *Kittrell v. Watson*, 88 A.3d 1091, 1097 (Pa. Cmwlth. 2014).

On appeal,[4] Washam does not identify any aspect of the trial court's decision he seeks to challenge. In his brief, he does not discuss the trial court's dismissal of his complaint or any of Kattner's preliminary objections. Instead Washam discusses the substantive law of conveyancing and the Uniform Commercial Code. He presents arguments on the merits of his alleged "trust deed" and states that DOC's refusal to honor it is a "governmental taking" of his property. Washam's Br. at 2. Given the absence of any reviewable issue in Washam's brief, Kattner argues Washam has waived all issues on appeal.

An appellate brief must include a statement of the issues to be resolved, and failure to do so waives all issues on appeal. Pa.R.A.P. 2116(a); *Glatfelter Barber Shop v. Unemployment Comp. Bd. of Rev.*, 957 A.2d 786 (Pa. Cmwlth. 2008). Additionally, the appellate brief must present legal support for the ways in which the appellant wishes to challenge the decision below, and failure to develop those arguments waives the issues. *Twp. of Marple v. Pa. Pub. Util. Comm'n*, 294 A.3d 965, 971 n.8 (Pa. Cmwlth. 2023) (en banc), *reconsideration denied* (Apr. 25, 2023); *Jerry's Bar, Inc. v. Commonwealth*, 172 A.3d 1196, 1198 n.3 (Pa. Cmwlth. 2017). Washam's brief fails in both respects—it includes no statement of issues or questions, and it develops no argument relevant to the trial court's determination. Where possible, we strive to glean reviewable issues from other parts of the brief or other filings, looking past technical noncompliance as long as it does not impede our ability to conduct meaningful review. *Askew v. Pa. Off. of Governor*, 65 A.3d 989, 991 (Pa. Cmwlth. 2013); *Swoyer v. Dep't of Transp.*, 626 A.2d 1247, 1249 (Pa.

---

[4] Our review of a trial court's order sustaining preliminary objections considers only whether the trial court erred as a matter of law or committed an abuse of discretion. *Bussinger v. Dyne*, 76 A.3d 137, 140 n. 6 (Pa. Cmwlth. 2013). In doing so, we, like the trial court, accept as true all well-pled facts in the complaint and all inferences reasonably deducible therefrom. *Id.*

4

Cmwlth. 1991). But "it is not this Court's function to act as counsel for [the a]ppellant." *Kochan v. Dep't of Transp., Bureau of Driver Licensing*, 768 A.2d 1186, 1188 (Pa. Cmwlth. 2001). Where the appellant's brief consists only of "a rambling discourse" of "irrelevant propositions of law" that "fails to relate the abstract to the concrete," we cannot conduct meaningful appellate review because we cannot know which aspects of the decision below the appellant wishes to challenge, and we will quash[5] the appeal. *Id.; see Commonwealth v. Tchirkow*, 160 A.3d 798, 804 (Pa. Super. 2017). We conclude that the discussion in Washam's appellate brief is so unrelated to the decision below and any potential issue on appeal that meaningful appellate review is not possible, so he has waived all issues.

 Accordingly, we dismiss the appeal.[6]

                _____

                MATTHEW S. WOLF, Judge

---

[5] We nonetheless hold that dismissal is proper in light of our Supreme Court's observation that quashal "is usually appropriate where the order below was unappealable, the appeal was untimely, or the court otherwise lacked jurisdiction," but not when there has been "a waiver of the substantive claims that would be raised." *Sahutsky v. H.H. Knoebel Sons*, 782 A.2d 996, 1001 n.3 (Pa. 2001) (cleaned up).

[6] In passing, we observe that even if we could review the merits of the trial court's decision, we would likely conclude that it properly dismissed the complaint. First, Kattner and DOC are, as Kattner argues, immune from state-law claims for damages because the complaint does not allege any negligent act that would come within an exception to sovereign immunity. *See* 42 Pa. C.S. § 8522(a); *Page v. Rogers*, 324 A.3d 661, 678 (Pa. Cmwlth. 2024).

If Kattner now views the complaint as asserting a federal claim for damages under Section 1983 against him in his personal capacity, and wishes to assert the defense of qualified immunity, *see* Kattner's Br. at 25-27, we note that Kattner does not appear to have raised that defense below, though qualified immunity might properly be raised after the preliminary objection stage, *see Oliver v. Roquet*, 858 F.3d 180, 188 (3d Cir. 2017). Regardless, even if claims against Kattner in **(Footnote continued on next page…)**

his personal capacity or for injunctive relief would survive immunity defenses, the complaint fails to state those claims.  The complaint does not state an actionable retaliation claim against Kattner because it does not allege any facts about how Kattner retaliated against Washam for his administrative grievances and lawsuits.  When a prisoner actually violates a prison rule governing his conduct—such as the policy at issue here prohibiting abusive, obscene, or inappropriate language—the initiation of misconduct charges cannot give rise to an actionable retaliation claim. *Nunez v. Blough*, 283 A.3d 413, 426 (Pa. Cmwlth. 2022).  And because Washam's retaliation claim lacks specific factual averments, it does not meet Pennsylvania's fact-pleading standard. *See Brown v. Blaine*, 833 A.2d 1166, 1171, n. 11 (Pa. Cmwlth. 2003).  Similarly, the complaint does not allege that Kattner's seizure of legal documents caused "*an actual injury*" to Washam's ability to access the courts, so the complaint "fail[s] to state a legally valid claim for denial of access to the courts."  *Page*, 324 A.3d at 682 (emphasis in original).  Finally, the Declaration does not bind the United States as a matter of international law, so it is not enforceable under Section 1983.  *Sosa v. Alvarez–Machain*, 542 U.S. 692, 734 (2004); *United States v. Chatman*, 351 Fed. App'x 740, 741 (3d Cir. 2009).

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas Washam,                          :
                Appellant          :
                              :
          v.                      :   No. 684 C.D. 2024
                              :
William Kattner                         :

## **O R D E R**

AND NOW, this 8th day of April 2025, the above-captioned appeal is DISMISSED.

_____
MATTHEW S. WOLF, Judge